IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALFRED TOLIVER,

        Plaintiff,                          No. CIV S-06-0273 FCD DAD P

    vs.

K.M. POWERS, et al.,                  ORDER AND

        Defendants.                    FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking monetary damages under 42 U.S.C. § 1983. Plaintiff has also requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has sued the acting warden of Avenal State Prison, the California Department of Corrections and Rehabilitation, the Board of Parole Hearings, unnamed chairmen, chairwomen, commissioners, deputy commissioners, and chief deputy commissioners of the parole board, the chief deputy secretary of the California Department of Corrections and Rehabilitation, the chief of inmate appeals, and the warden of an unspecified prison.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C.

1

§ 1915A(a). The court must dismiss claims that are legally frivolous or malicious, claims that fail to state a claim upon which relief may be granted, and claims that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Similarly, when any plaintiff seeks to proceed in forma pauperis, the court is required to dismiss the case if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A claim should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court also construes the pleading in the light most favorable to the plaintiff and resolves all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In the present case, plaintiff alleges that he has been subjected to the deprivation of his liberty and to illegal confinement from October 31, 1994, to the present. Plaintiff asserts that the entity defendants have held him beyond his release date under the Determinate Sentencing Law and that all defendants have violated plaintiff's constitutional rights by failing to

protect him from the illegal incarceration. Plaintiff seeks damages in the amount of $250,000 from each defendant and $1,000 per day for each day of illegal confinement.

When a state prisoner challenges the legality of his custody and the relief he seeks is the determination of his entitlement to an earlier or immediate release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). When a prisoner seeks money damages based on allegations that imply the invalidity of his confinement, the prisoner may not seek damages pursuant to § 1983 until he has established, through appropriate state or federal remedies, that his confinement is illegal. Edwards v. Balisok, 520 U.S. 641, 648 (1997); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

This civil rights action is the second filed by plaintiff Alfred Toliver seeking damages arising from his continued confinement after October 31, 1994.[1] See Toliver v. Terhune, et al., case No. CIV S-00-1012 LKK JFM P. After plaintiff filed a second amended complaint in case No. CIV S-00-1012 seeking only declaratory and injunctive relief, the magistrate judge construed the action as one for a writ of habeas corpus and dismissed the second amended complaint with leave to file an amended pleading on a form petition for writ of habeas corpus. The amended petition filed by plaintiff on September 4, 2001, was served on respondents. Respondents' motion to dismiss was granted on September 19, 2002, and the case was dismissed without prejudice for failure to exhaust state court remedies with respect to the claims raised.

On July 18, 2005, plaintiff filed a new petition for writ of habeas corpus in this court, again challenging the legality of his confinement since October 31, 1994. See Toliver v. Powers, et al., case No. CIV S-05-1444 MCE DAD P. That case is currently pending before the court. It is evident that no court has yet determined that plaintiff's confinement is illegal.

/////

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1  Accordingly, plaintiff's claims for damages arising from alleged illegal confinement are not
2  cognizable under § 1983 at this time and must be dismissed.

3  Plaintiff was informed by order filed February 1, 2001 in case No. CIV S-00-1012
4  that parole board officials are entitled to absolute immunity from suits by prisoners for actions
5  taken when processing parole applications.  See Sellars v. Procunier, 641 F.2d 1295, 1302 (9th
6  Cir, 1981).  Plaintiff was advised that he may not seek money damages against members of the
7  parole board in connection with parole decisions made in his case.  Plaintiff's claims against
8  chairmen, chairwomen, commissioners, deputy commissioners, and chief deputy commissioners
9  of the parole board will be dismissed with prejudice, while plaintiff's claims against other
10 defendants will be dismissed without prejudice.

11 Plaintiff is cautioned that the court may consider imposing sanctions on plaintiff if
12 he files a third civil rights action for damages arising from alleged illegal confinement prior to a
13 court determination that his confinement is illegal.  The court may also consider imposing
14 sanctions on plaintiff if he files a third civil rights action seeking damages from members of the
15 parole board.

16 It is evident that plaintiff cannot amend his pleading to state a claim that is
17 cognizable against any defendant at the present time.  Plaintiff's civil rights complaint should
18 therefore be dismissed without leave to amend.  See Coakley v. Murphy, 884 F.2d 1218, 1221-22
19 (9th Cir. 1989).

20 In accordance with the above, IT IS HEREBY ORDERED that plaintiff's
21 February 8, 2006 application to proceed in forma pauperis is denied because plaintiff's complaint
22 fails to state a claim on which relief may be granted at this time and, as to some defendants, seeks
23 monetary relief against defendants who are immune from such relief; and

24 IT IS RECOMMENDED that plaintiff's claims for damages against parole board
25 members be dismissed with prejudice because those defendants are immune from such relief and
26 /////

4

that plaintiff's remaining claims be dismissed without prejudice for failure to state a claim that is cognizable at the present time.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 16, 2006.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
toli0273.56

5